BUTLER v. CITY OF ROCHESTER.

*Costs — in action against municipal corporation—what sufficient presentation of
claim under Laws 1859, chap. 262.*

The presentation of a claim against a city to the common council, that body
alone having power to direct its payment; *held*, a sufficient compliance with
the provision of Laws 1859, chap. 262, which requires presentation previous
to suit of a claim against a municipal corporation to the " chief fiscal officer "
of such corporation, to entitle plaintiff to costs.

APPEAL by defendant from an order at special term refusing to
set aside a bill of costs allowed plaintiff upon a judgment
against the defendant.

The judgment was recovered in an action brought by William
G. Butler against the. city of Rochester, for work and materials
furnished on a contract for the erection of an embankment wall.
Plaintiff, previous to bringing the action, presented his bill for
$1,600 to the common council of said city which, by Laws 1861,
chapter 143 (title 3, § 40), has control of the fiscal affairs of the
city, and alone is authorized (title 5, § 84) to audit and settle claims
against the city.    The common council recommended the payment
of $600, whereupon plaintiff brought this action and recovered
$1,100.    It was claimed by defendant that not having presented
the account to the city treasurer for payment, plaintiff was not
entitled to costs under the provision of Laws 1859, chapter 262,
section 2, requiring presentation previous to action brought of

Butler v. City of Rochester.

claims against a municipal corporation to its chief fiscal officer, to entitle plaintiff to costs in case of recovery. Such other facts as are material appear in the opinion.

*James Breck Perkins,* for appellant.

*John W. Kelly,* for respondent.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

GILBERT, J. The intention of the legislature in enacting the statute (chapter 262 of 1859) is manifest. It was to prevent the recovery of costs against municipal corporations in cases where the creditor had not afforded the corporation an opportunity to pay before bringing his action. That opportunity was given in this case. The claim was presented to the common council, who alone could authorize its payment, and it was rejected. The treasurer is a subordinate officer. The relation between him and the common council in matters of this kind resembles that of an agent to his principal, and a presentation to the higher authority is equivalent to one to the lesser. The presentation of the claim to the treasurer, after the common council had refused to pay it, would have been an idle ceremony. The statute does not require a supererogatory act. Its language is that the claim must be presented *for payment.* If the treasurer was the chief fiscal officer, he was not authorized to pay. He was not, therefore, the officer whom the statute, upon a fair construction, designated. For, when the corporate powers have been so distributed that the officer who, from his duties, might be regarded as the chief fiscal officer has no authority to pay a creditor when his claim is presented, he is not such an officer within the meaning of the statute. *McClure* v. *Supervisors,* 50 Barb. 594 ; S. C., in Court of Appeals, 4 Abb. N. S. 202.

The order appealed from should be affirmed, with costs.

*Order affirmed.*